IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50908
Summary Calendar
_____

DEBRA LIVA, as next friend of her minor son,
Jeremy Pedro Liva,

Plaintiff-Appellant,

versus

NORTHSIDE INDEPENDENT SCHOOL DISTRICT; ET AL.,

Defendants,

NORTHSIDE INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-972
--------------------
June 15, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Debra Liva ("Liva") appeals the grant of summary judgment for the Northside Independent School District (NISD) in her action brought pursuant to the Individuals with Disabilities Education Act (IDEA), on behalf of her son Jeremy Liva ("Jeremy").  Liva raises numerous issues for appeal, which are addressed in turn.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Liva contends that NISD violated the IDEA by failing to provide her with records related to Jeremy's education and by failing to provide her with five school days' notice of an admission, review, and dismissal board (ARD) meeting. A plaintiff may receive nominal damages for a violation of the IDEA's procedural requirements, even if no prejudice resulted from the violation. *See Salley v. St. Tammany Parish Sch. Bd.*, 57 F.3d 458, 466 (5th Cir. 1995)(affirming award of nominal damages for procedural noncompliance). The IDEA provides that parents be given the opportunity "to examine all records relating to such child[.]" 20 U.S.C. § 1415(b)(1).

The administrative record indicated, and the parties do not dispute, that Liva was not given some of Jeremy's records until the due process hearing was underway. The state hearing officer found that Liva was not prejudiced by the nondisclosure of records relevant to Jeremy. Because Liva may be entitled to nominal damages for NISD's failure to comply with the IDEA's disclosure requirement, the judgment is VACATED and the case is REMANDED as to Liva's nondisclosure contention.

Neither the IDEA nor the regulations implementing it requires five school days' notice before an individualized educational program (IEP) conference, though the IDEA does require five business days' notice before a due process hearing. 20 U.S.C. § 1414(f)(2)(A); *see* § 1415(b)(3)(requiring prior written notice; providing no specific period); 34 CFR § 300.345(a)(1)(requiring notice to parents early enough to give them an opportunity to attend; providing no specific period).

Nor does the Texas Education Code require five school days' notice before an IEP conference. TEX. EDUC. CODE ANN. § 29.005 (Vernon supp. 2001). Liva's contention that NISD violated the IDEA by failing to give her five school days' notice therefore is unavailing.

Liva contends that NISD violated the IDEA by failing to diagnose Jeremy as emotionally disturbed (ED) in 1999. Jeremy was diagnosed as ED in 1996 by a private physician. The 1999 comprehensive individual assessment (CIA) performed by an interdisciplinary team was thorough, and a witness at Liva's due process hearing testified that it was acceptable. Liva has failed to present evidence calling the 1999 CIA into question. NISD was entitled to judgment as a matter of law on Liva's ED contention.

Liva contends that the NISD failed to provide Jeremy an adequate education or comply with the IEP by dropping grades of zero to establish a passing grade in science; by sending him to the behavioral intervention center (BIC) for missing a pencil or paper; by sending him to the content mastery center (CMC) instead of providing the appropriate assistance in a regular classroom; by employing an inadequate dyslexia reading program; by failing to modify Jeremy's work requirements as required by the IEP; by failing to completely eliminate any problems Jeremy is not required to do rather than mark through them; and by not lowering standards for Jeremy so he may participate in extracurricular activities. Liva argues that use of the CMC violated the IDEA's

requirement that students be educated in the least restrictive environment (LRE).

Liva offers no legal arguments to support any of her contentions other than her contention that use of the CMC violated the LRE requirement. She has failed to brief those contentions for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Liva did not raise her CMC/LRE contention in her state administrative proceedings. She has failed to exhaust her administrative remedies, and her contention was subject to dismissal on that ground. *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992); 20 U.S.C. § 1415(l). Moreover, the IDEA and its accompanying regulations indicate that use of the CMC, a supplemental service, in conjunction with regular classroom placement did not violate the LRE requirement as a matter of law. 20 U.S.C. § 1412(a)(5)(A); 34 C.F.R. § 300.551(b)(2). Finally, regarding Liva's CMC/LRE contention, the administrative record established that Jeremy needed assistance that could not be given in a general education classroom. The record established that NISD was entitled to judgment as a matter of law on Liva's CMC/LRE contention.

Finally, Liva contends that the state hearing officer should have recused herself because she was tired when conducting the hearing. Liva makes no legal argument to support her contention; she has failed to brief the contention for appeal. *Brinkmann*, 813 F.2d at 748.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.